MEMORANDUM **
Petitioner Helverth Ricardo Riano-Pinilla petitions for review of the BIA’s decision affirming the Immigration Judge’s (“IJ”) denial of his application for withholding of removal. We deny the petition.
Where, as here, the BIA conducts its own review of the evidence and law rather than adopting the IJ’s decision, the court’s “review is limited to the BIA’s decision, except to the extent that the IJ’s opinion is expressly adopted.” Hosseini v. Gonzales, 471 F.3d 953, 957 (9th Cir.2006) (internal quotation marks omitted). The BIA’s determination on withholding of removal is reviewed for substantial evidence and will only be reversed if the evidence would compel a reasonable fact-finder to conclude that relief is warranted. See Deloso v. Ashcroft, 393 F.3d 858, 863 (9th Cir.2005).
In order to qualify for withholding of removal, an applicant must show that it is more likely than not his “life or freedom would be threatened” if he returned to his homeland, on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); 8 C.F.R. § 1208.16(b). Petitioner applied for relief based on his *561 status as a member of a particular social group, defining the group as family members of former security or police personnel in Colombia. Substantial evidence supports the BIA’s determination that Petitioner does not qualify for withholding of removal.
Petitioner cannot show that he was a member of a “particular social group” as it has been defined by this court. Even assuming that family members of former security and police personnel constitute a “particular social group,” Petitioner’s attenuated contact with his former military or security member relatives supports the BIA’s finding that he may not be “socially visible” as part of the group by the community. See Santos-Lemus v. Mukasey, 542 F.3d 738, 746 (9th Cir.2008). And although his father was abducted along with a former military officer relative, Petitioner’s position is entirely different because, unlike his father who was living and traveling with them, Petitioner has not seen his Colombian relatives for over twelve years. Cf. Sangha v. INS, 103 F.3d 1482, 1489 (9th Cir.1997) (“[T]he trier of fact must examine how close a relationship exists between the persecution of family members and the situation of the applicant.”). Petitioner presented no evidence that he, or those like him, were being persecuted.
PETITION DENIED.

 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).